UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| TRACY COSSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 03-B-0227-NW |
| | ) | |
| KILPATRICK-BISHOP, INC., d/b/a | ) | |
| JIM BISHOP TOYOTA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTERED**
AUG 27 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc. 17.) Plaintiff Tracy Cossey has sued her former employer, defendant Kilpatrick-Bishop, Inc., alleging that defendant discriminated against her on the basis of her gender in violation of federal law when it terminated her. Defendant contends that plaintiff was terminated because she was not dependable and because of her work performance. It contends that it is entitled to summary judgment because plaintiff cannot establish that its articulated reasons for her termination are unworthy of credence.[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 17), is due to be denied.

---

[1] Plaintiff was replaced by a man. Defendant does not contend that plaintiff cannot establish a prima facie case of gender discrimination.



Drawing all reasonable inferences in favor of plaintiff,[2] the facts demonstrate that plaintiff had an adverse reaction to some medication and went to the emergency room on the night of April 22, 2002. She did not get out of the emergency room until 4:00 or 5:00 in the morning. She was scheduled to be at work at 7:30. She called her co-worker, Dan Snyder, and told him that she had been given some medication for nausea that made her sleepy; she said she would be in later. On this same day, plaintiff's supervisor, Donny Patrick, was in Atlanta at a seminar. He had previously told plaintiff that she was to contact him directly if she was going to be out of the office. Plaintiff could not contact Patrick that morning because he was not in the office and she did know how to get in touch with him. Patrick called the office around lunch time, and Snyder told him that plaintiff had overslept. According to defendant, Patrick returned to Birmingham that night, after completion of the afternoon session of his seminar, to "cover" for plaintiff. Nothing in the record indicates that he attempted to find out if plaintiff had come in or that he was told she had been at the emergency room. Plaintiff clocked in between ten and eleven a.m. on April 23, 2002, and she was at work on time the following day. Thus, arguably, there was never any real need for Patrick to "cover" for plaintiff on April 23rd.

---

[2]In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in her favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

On April 24th, Patrick met plaintiff in the parking lot and told her that he was firing her because she was not dependable because (1) she had been late to work while he was out of town,[3] and (2) because she did not call him personally to inform him that she would be late for work. Viewing the facts in the light most favorable to plaintiff, the court finds that a genuine issue of fact exists as to the credibility/credence of defendant's explanation of plaintiff's termination. Given the circumstances, plaintiff's emergency room visit and her inability to contact Patrick in Atlanta, a reasonable jury could find that Patrick's stated reasons for terminating plaintiff, her lack of dependability and failure to contact him personally, are unworthy of credence because the reasons "did not actually motivate the employment decision," or the reason was "insufficient to motivate the employment decision," *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1564 (11th Cir. 1995)(Johnson, J., concurring), and that the real reason was plaintiff's gender. Of course, the jury does not have to find that the reasons are pretext. However, the court finds a question of fact is presented by the evidence and, therefore, defendant's Motion for Summary Judgment is due to be denied.

---

[3]Patrick testified in his deposition that "there was another incident when I was out of town. I don't recall the specifics on that, but another instance I was out of town and she did not come to work, which leaves one person there to handle the entire bulk of the work, which is not acceptable." Plaintiff's time cards indicate that after she was promoted to service writer, she was absent only one other time for two days in March. According to his testimony, Patrick was in the office on this date. (Doc. 27 at 12-13.) She was also absent on January 2 and February 6, when she was a clerk but nothing in the record indicates that Patrick was away from the office, that plaintiff was counseled for this incident, or that Patrick covered for plaintiff while she was clerk.

3

Defendant also contends that plaintiff was not producing as much as Snyder. However, it is unclear from its briefs whether defendant is asserting that plaintiff's production was a reason for her termination. Regardless, it appears that a question of fact is presented as to whether her production numbers were bad (Patrick told her she was out performing Snyder in the category of hours, (doc. 19 at 62)), and the production documents submitted by defendant indicate that plaintiff was outperforming Snyder in the category of gross net profit percentage (*Id.*, Ex. 2 ("Advisor Performance Report" for April 1 to April 24, 2002)). Also, plaintiff was never told that her production was down or that she would be terminated based on her production.

Defendant also refers to a single incident when plaintiff was counseled regarding up-selling repairs or service that had previously been performed. It appears that this incident happened on only one occasion and did not reoccur after she was counseled. The significance this incident as it relates to Patrick's decision to terminate plaintiff is negligible at best. Moreover, it is unclear from its briefs, whether her up-selling was a reason for her termination.

For the foregoing reasons, an Order denying defendant's Motion for Summary Judgment will be entered contemporaneously with the court's Memorandum Opinion.

**DONE** this 27th day of August, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge